UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

        -against-

DESHAWN REESE,

                Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
06-CR-413 (DLI)

**DORA L. IRIZARRY, Chief U.S. District Judge:**

On August 9, 2007, defendant Deshawn Reese ("Defendant") pled guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base ("crack cocaine") under Count One of the Superseding Indictment ("Count One") and possession of a firearm in furtherance of the crack cocaine conspiracy under Count Nineteen of the Superseding Indictment ("Count Nineteen"). (*See* Superseding Indictment, Dkt. Entry 155; Minute Entry, Aug. 9, 2012.) On March 20, 2008, Defendant was sentenced to 135 months' imprisonment on the crack cocaine conspiracy count and 120 months' imprisonment on the firearm count with the terms running consecutively. (*See* Judgment, Dkt. Entry 367.) Defendant appealed and the Second Circuit remanded for reconsideration of Defendant's sentence in light of the Second Circuit's decision in *United States v. Williams*, 558 F. 3d 166 (2d Cir. 2009), which was decided after Defendant was sentenced. *See United States v. Reese*, 328 F. App'x 686 (2d Cir. 2009).[1] On November 5, 2009, the Court resentenced Defendant to 120 months' imprisonment on Count One and 120 months' imprisonment on Count Nineteen, to run consecutively. (*See* Am. Judgment, Dkt. Entry 491.) The

---

[1] On November 29, 2010, the Supreme Court vacated the Second Circuit's decision in *Williams*. *See United States v. Williams*, 131 S. Ct. 632 (2010) and *Abbott v. United States*, 131 S. Ct. 18 (2010). In light of these rulings by the Supreme Court, the original sentence imposed by this court was a legal sentence.

1

Second Circuit affirmed this sentence on December 2, 2010. *See United States v. Reese*, 402 F. App'x 600 (2d Cir. 2010).

On April 23, 2012, Defendant, proceeding *pro se*, filed a motion requesting a reduction of his sentence imposed on Count One in light of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010) and Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). (*See* Def.'s Letter, Dkt. Entry 669.) The Court denied the motion, concluding that, because the Court resentenced Defendant before the FSA was enacted on August 3, 2010, Defendant was not entitled to a sentence reduction under the FSA. (*See* Order denying Motion to Reduce Sentence ("August 20 Order"), Dkt. Entry No. 709.) Defendant appealed the August 20 Order, and the Second Circuit affirmed. (*See* Dkt. Entry No. 786.)

On June 15, 2015, Defendant filed a second motion to reduce his sentence and a motion for appointment of counsel. (*See* Dkt. Entry Nos. 811, 813.) The Court appointed counsel from the Criminal Justice Act panel. On October 29, 2015, defense counsel filed a letter, seeking to reduce Defendant's sentence pursuant to Amendment 782 of the FSA. (*See* Motion for Retroactive Application of Sentencing Guidelines ("Sec. Mot."), Dkt. Entry No. 848.) The government opposed the motion on November 12, 2015, (*See* Response in Opposition ("Opp."), Dkt. Entry No. 850), and Defendant replied on November 17, 2015. (*See* Reply to Response to Motion ("Reply"), Dkt. Entry No. 852.)

For the reasons set forth below, Defendant's motion is denied.

## DISCUSSION

**I.     Fair Sentencing Act of 2010**

On November 5, 2009, Defendant was resentenced to 120 months' imprisonment on Count One based upon the then applicable statutory minimum for conspiracy to distribute 50 grams or

more of crack cocaine. (*See* Sentencing Transcript ("Sent. Tr.") 29); 21 U.S.C. § 841(b)(1)(A)(iii) (2009). On August 3, 2010, after Defendant had been resentenced, the FSA was enacted. As relevant to defendant, a 120-month minimum sentence is now mandatory only for offenses involving 280 grams or more of crack cocaine. 21 U.S.C. § 841(b)(1)(A)(iii) (2012). However, the Second Circuit has held that the FSA does not apply to defendants sentenced before its enactment, because the statute "contains no express statement that it is intended to have retroactive effect nor can we infer such intent from its language." *United States v. Diaz*, 627 F. 3d 930, 931 (2d Cir. 2010) (per curiam).

The Court recognizes that, on June 21, 2012, the Supreme Court held that the revised mandatory minimum sentences in the FSA applied to defendants who committed crimes before the FSA was enacted but sentenced after the FSA was enacted. *See Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). However, as other courts have recognized, *Dorsey* does not affect the Second Circuit's holding in *Diaz* that the FSA does not apply retroactively to defendants who committed their crimes and were sentenced before the FSA was enacted. *See, e.g.*, *United States v. Gotay*, 2012 WL 3318954, at *2 (E.D.N.Y. Aug. 10, 2012) ("[B]ecause Gotay was convicted and sentenced before the enactment of the FSA, *Diaz* continues to control and Gotay's motion must therefore be denied.").

Accordingly, because the Court resentenced Defendant before the FSA was enacted on August 3, 2010, Defendant is not entitled to a sentence reduction under the FSA.

## II.     Amendment 782

Defendant asserts that he is entitled to a sentence reduction pursuant to Amendment 782 to the Guidelines, which reduced the Guideline sentencing range for crack cocaine offenses. While Amendment 782 applies retroactively, *see* U.S.S.G. § 1B1.10(d), Defendant is not entitled to a

sentence reduction because he was sentenced to the mandatory minimum sentence based upon his accountability for approximately over 1.5 kilograms of crack cocaine, which is well over the threshold limit for a mandatory minimum sentence, even under the FSA. (*See* Sent. Tr. 29; Gov't Opp'n, Ex H.)

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." U.S.S.G. § 1B1.10, application note 1, subsection 1(A) states: "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) *and is not consistent with this policy statement* . . . [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*)." (emphasis added). The Second Circuit has held that courts are bound by the language of this policy statement. *See e.g., United States v. Williams*, 551 F. 3d 182, 186 (2d Cir. 2009) (noting that defendant was "ineligible for a modification of his sentence under § 3582(c)(2) because his sentence was based on the statutory minimum"); *United States v. Torres*, 391 F. App'x. 903, 905 (2d Cir. 2010) (denying motion pursuant to § 3582(c)(2) where defendant had been sentenced to mandatory minimum, notwithstanding retroactive amendment to crack cocaine offenses).

Thus, because Defendant was sentenced to the statutory mandatory minimum sentence that was applicable at Defendant's resentencing, his sentence cannot be reduced pursuant to Amendment 782 to the Guidelines.

### III. Defendant's Arguments

Defendant acknowledges that the aforementioned statutory and case law prevails in the Second Circuit. (*See* Sec. Mot. at 6 ("I acknowledge, during my review of this matter, I was unable to find authority support of the forgoing guideline analysis.")  Defendant also acknowledges that this Court's reasons for denying his first motion to reduce his sentence under Amendment 750 likely apply to the instant motion to reduce his sentence under Amendment 782. (*See Id.* at 4 ("I acknowledge the [August 20] Order's reasoning for denying a sentence modification pursuant to the First 3582 Motion – based upon its finding [that] the FSA is not retroactive and that Amendment 750 is not applicable – would appear to similarly deny the sentence modification sought in the Second 3582 Motion which is based upon Amendment 782.")  Nonetheless, Defendant urges the Court to reconsider its original analysis and adopt the dissent's position in an Eighth Circuit case, *U.S. v. Blewett*, 719 F.3d 482 (8th Cir. 2013).  In light of the Second Circuit's affirmance of this Court's denial of Defendant's first motion for a reduced sentence, and the Second Circuit's holding in *Diaz,* 627 F.3d at 931, this Court will not adopt the reasoning in the dissenting opinion in a single out-of-circuit case.

[PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the reasons set forth above, Defendant's sentence may not be reduced pursuant to Amendment 782 to the Guidelines. Accordingly, Defendant's motion is denied in its entirety. As Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

DATED:   Brooklyn, New York
         April 6, 2018

_____/s/_____
DORA L. IRIZARRY
Chief Judge